IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01536-ZLW-CBS

SHERI BRADDOCK

    Plaintiff(s),

v.

PENFORD PRODUCTS CO.,
a/k/a PENFORD FOOD INGREDIENTS CO.,
a/k/a PENFORD CORPORATION,
a Delaware corporation,

    Defendant(s).

## PROTECTIVE ORDER

    The parties in the above-captioned matter, and their respective counsel and Authorized Persons, shall be bound by this Protective Order with respect to documents, answers to interrogatories and requests for admission (known collectively as "Confidential Information") produced by the parties as follows:

    Documents and information produced by Penford Food Ingredients Company ("Penford") or any of its agents or representatives concerning (a) current or former employees of Penford, including personnel or personnel-related documents or internal memoranda, or (b) business information or records of Penford shall be treated as and designated as confidential.

    2. Documents and information produced by Sheri Braddock ("Braddock") concerning herself shall be treated as and designated as confidential.

3.  A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as confidential to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as confidential.

4.  Confidential Information shall be used for the sole, strict and limited purpose of the preparation and trial of this action, or appeal therefrom. Confidential Information may be filed with the Court and utilized as exhibits. Confidential Information shall not be disclosed, shown, or read to any person except as provided herein. Confidential Information may be disclosed only to the following persons ("Authorized Persons"):

    a.  Parties;

    b.  Counsel for Parties and the members, associates, and employees of that counsel's law firm;

      c.      Independent experts retained by counsel for the parties who assist in this litigation; and

      d.      Potential witnesses and deponents and attendees of depositions.

Counsel providing Authorized Persons with documents or information to review shall inform each Authorized Person of the existence and terms of this Protective Order.

5.      Upon final termination of this action, whether by judgment, settlement, or otherwise, the terms of this Protective Order shall continue in full force and effect in regard to Confidential Information.

6.      Counsel is entitled to maintain copies of confidential information obtained during the course of this action so long as the confidential information is maintained pursuant to the terms of this Protective Order. Counsel shall have the right to destroy copies of Confidential Information in accordance with its document retention policies.

7.      If testimony concerning Confidential Information is elicited at a deposition, counsel for either party may request that a designated portion of the transcript be treated as Confidential Information, and the related portions of such deposition transcripts will be treated as Confidential Information in accordance with this Protective Order.

8.      Braddock's counsel shall retrieve all copies of Confidential Information from any person to whom the information has been given.

IT IS SO ORDERED this ____ day of _____, 2006.



_____
United States Magistrate Judge

employ\191800_1.doc

DATED at Denver, Colorado, this 29th day of November, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge